**Andres RODRIGUEZ SALGADO;
Judith Juana Rodriguez,
Petitioners,**

v.

**Peter D. KEISLER, Acting Attorney General,\* Respondent.**

No. 06–71513.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Sept. 27, 2007.

Andres Rodriguez Salgado, Palmdale, CA, pro se.

Judith Juana Rodriguez, Palmdale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Corey L. Farrell, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Andres Rodriguez Salgado and Judith Juana Rodriguez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' adoption and affirmance of an immigration judge's decision denying their applications for cancellation of removal. The immigration judge concluded that Rodriguez Salgado had failed to establish that his qualifying relatives would face exceptional and extremely hardship upon his removal and that Rodriguez had failed to establish ten years of continuous physical presence in the United States. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

The petitioners contend that the immigration judge erred in finding that Rodriguez Salgado failed to meet the hardship requirement of 8 U.S.C. § 1229b(b)(1)(D). We lack jurisdiction to review this discretionary determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir. 2005). Accordingly, we dismiss the petition for review in part.

We retain jurisdiction to consider colorable constitutional claims. *Martinez–Rosas,* 424 F.3d at 930. The petitioners contend that the hardship finding denied their three United States citizen children due process because the parents' removal would result also in the children's removal or in their separation from their parents. We reject this contention. *See Urbano de Malaluan v. INS,* 577 F.2d 589, 594 (9th Cir.1978) (rejecting argument that deportation order for parents would amount to de facto deportation of child and thus violate child's constitutional rights).

The petitioners contend that the different standards applied under the Nicaraguan Adjustment and Central American Relief Act violate their right to equal protection and that the Illegal Immigration Reform and Immigrant Responsibility Act is unconstitutional because it irrationally requires a greater showing for cancellation of removal than for relief under NACARA. These contentions are foreclosed. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002); *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001).

The petitioners contend that the Board did not sufficiently explain its decision. This contention lacks merit because the Board adopted the immigration judge's decision. *See Alaelua v. INS,* 45 F.3d 1379, 1381 (9th Cir.1995).

Finally, the petitioners contend that the immigration judge erred in finding that Rodriguez failed to establish ten years of continuous physical presence. As respondent argues, the immigration judge's hardship finding also would have applied to Rodriguez if her application had not been pretermitted on the basis of physical presence. We therefore do not reach this issue.

***This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

PETITION FOR REVIEW DIS-MISSED IN PART AND DENIED IN PART.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

